Knight *v.* Millard et al., Appellants.

Argued May 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Eugene D. Siegrist,* for appellants.

*Christian R. Gingrich,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 30, 1944:

This is an appeal from an order of the Superior Court.

The single question presented is whether a workmen's compensation agreement on the basis of *total* disability should be changed to *partial* disability.

Claimant, a laborer, aged 61, in the course of his employment in January, 1937, sustained serious injuries to his back and chest. The injury was caused by a fall from a ladder to a concrete floor at the bottom of a deep pit. On March 8, 1937, the parties entered into a compensation agreement for *total disability* providing for compensation at the rate of $13.81 per week. In August, 1938, a petition was filed by defendant to modify the agreement on the ground that while claimant was still totally disabled, such disability was attributable to pathological causes. This petition was dismissed. On June 2, 1941, a second petition was filed to modify. The referee found a 50% disability and reduced payments to $6.90 per week. On appeal, the Compensation Board reversed the order of the Referee and dismissed the petition. Defendant appealed to the Court of Common Pleas, which reversed the action of the Board. An appeal was then taken to the Superior Court, which reversed the action of the court below, one judge dissenting. The reason for the dissent is expressed in one phrase: ". . . claimant should have tried the very fair offer of his employer."

We have read the testimony with care. The issue is factual. No one questions the "honest and uncolored testimony" of claimant, or the seriousness of the injury. The parties, by their written agreement, conceded total disability and fixed the amount of the compensation, which appears modest in amount. If, however, the condition of claimant thereafter changed, and he ceased to be *totally* disabled, and was thereafter merely *partially* disabled, the defendant is entitled to relief. The burden,

however, is upon defendant to establish such fact. Such burden is increased because of the written agreement and the findings of fact of the Board—as to total disability.

The basic finding of fact was that "claimant's present total disability is due in part directly to the injury to his back and in part to an aggravation of a preexisting heart condition." There were two principal reasons assigned by appellant why the testimony should be held sufficient to meet the burden of overcoming the agreement and findings concerning total disability: (1) claimant was discovered pushing a hand cultivator in his bean patch; (2) claimant declined defendant's offer to try out his ability to perform light work on defendant's premises.

It was established that claimant has been unable to exert himself because of his heart condition. This condition was in addition to his severe back injuries. Claimant explained that while the doctor did observe him pushing the cultivator, yet he was able to do it only for a few minutes at a time, and largely by the use of one arm. In the Board's decision it is pointed out that the opinion evidence of the doctor was based upon conclusions "not exhaustively probed in the examinations made." The matter is succinctly stated thus: ". . . we feel that we must expect much more positive and direct testimony from doctors than that they had seen or known the claimant to have done some puttering in a bean patch and therefore on cursory clinical examination found him to be less than totally disabled, especially when as in this case, the defendant's medical witnesses were no doubt led to testify as they did because of their knowledge that the defendant had offered rehabilitation in the form of garden puttering at a wage which would have, in our judgment, been paid as an indulgence to an old and admittedly honest employee."

Judge HIRT, in the opinion of the Superior Court, says: "The garden was a small patch 40 x 50 feet. Claim-

ant had help in preparing the soil but admitted that he cared for the garden by working intermittently for short periods of but a few minutes. He did no other work. It is conceded that there is a permanent concaved deformity of his back and that he cannot stoop or lift weights or do work involving twisting of his body. He said he still suffers pain and because of it he is unable to be on his feet for any length of time without frequent periods of rest. Caring for this garden involved but a few hours of work a week. Many such gardens are efficiently worked by men disabled by advanced age or injury who because of physical limitations are unable to undertake regular employment. The board not improperly characterized claimant's work as 'puttering in a bean patch.' It does not follow that he was able to do the work offered him by defendant and the finding is that he could not."

Again: "The testimony of claimant was sufficient to sustain the order of the board. Under the circumstances he was not obliged to accept defendant's offer and to demonstrate that he could not do the work, with forfeiture of his right to maximum payments of compensation as an alternative. His testimony accepted by the board indicates that he is still totally disabled. . . ."

After careful consideration of all the testimony we are convinced that defendant has not met the burden of changing claimant's status as established by the agreement and the evidence. While the opinion of the distinguished President Judge of the Superior Court commands great respect, claimant's capacity to do light work, conducted by the defendant on his own premises and under the observation of defendant's insurance carrier, would hardly seem conducive to an accurate determination of that fact.

The order of the Superior Court is affirmed at the cost of appellants.